

RECEIVED

APR - 5 2024

CLERK, U.S. DISTRICT COURT
RICHMOND, VA

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## (RICHMOND DIVISION)

| | | |
|---|---|---|
| **DEANGELO JOHNSON,** (PLAINTIFF) | § § § § § | Case No: 3:24 cv 247 |
| | § | **COMPLAINT** |
| V. | § § | **JURY TRIAL DEMANDED** |
| | § § | |
| **SONY PICTURES INC., d/b/a CRUNCHYROLL** (DEFENDANT) | § § § § | |

## INTRODUCTION

COMES NOW, the Plaintiff, Deangelo Johnson bringing this civil action for actual,

punitive, and statutory damages and costs against Defendant, SONY PICTURES INC.,

for violations of the federal Video Privacy Protection Act, 18 USC § 2710 ("VPPA").

Plaintiff's claims arise from Defendant's practice of knowingly disclosing to third parties,

including, upon information and belief, Meta Platforms, Inc ("Facebook"), Google, and

Adobe, data containing Plaintiff's personally identifiable information and computer files

containing video viewing history ("Video Media") hereinafter known as "Personal

Viewing Information"). Plaintiff was originally included in the class-action lawsuit, but

elected to opt out and bring this action individually.

## NATURE AND CAUSE OF ACTION

1. This is a consumer digital privacy complaint against Sony Pictures Entertainment Inc., as the owner of Crunchyroll, for violating the VPPA by disclosing Plaintiff's identity digitally and Video Media to Facebook, and other third parties, including but not limited to Google Analytics and Adobe Analytics, without the proper consent.

2. "Video tape service providers", such as Crunchyroll, are prohibited by the VPPA from disclosing consumers' personally identifiable information, including "information which identifies a person as having requested or obtained specific video materials or services from a video tape provider" without express consent in a stand-alone consent form.

3. As a business with an online presence, during its usual course of business Defendant collects and shares the personal information of visitors to its website, mobile applications, and "video-on-demand" services and applications (collectively, "Streaming Products") with third parties. This is done by and through Defendant's use of software development kits ("SDK"), pixels, and cookies.

4. Pixels are computer code, installed by Defendant, on Crunchyroll Streaming Products that allow it to collect users' data. More specifically, it tracks when digital subscribers open or access Crunchyroll Streaming Products. Through the use of these analytics tools, Crunchyroll tracks and discloses to third party business partners the digital subscribers' viewed Video Media, and most notably, unique identifying information

along with requested or obtained video content. This occurs even when the digital subscriber has not shared (nor consented to share) such information.

5.   Defendant shares the Personal Viewing Information— *i.e.*, digital subscribers' unique ID and video content viewed together as one data point. Any ordinary person can use it to quickly and easily locate, access, and view digital subscribers' corresponding account(s) and/or profiles(s).

6.   Defendant's disclosures allow third parties to know what Video Media one of its users viewed on Crunchyroll.

7.   Unbeknownst to, and at the expense of its digital subscribers' privacy and their statutory rights under the VPPA, Defendant benefits greatly from its unauthorized disclosure of its digital subscribers' Personal Viewing Information to third parties.

8.   Because Crunchyroll digital subscribers are not informed about this dissemination of their Personal Viewing Information - indeed, it is automatic and invisible - they cannot exercise reasonable judgment to defend themselves against the highly personal ways Crunchyroll has used and continues to use data it has about them to make money for itself.

9.   Defendant chose to disregard Plaintiffs' and millions of other Crunchyroll digital subscribers' statutorily protected privacy rights by releasing their sensitive data to third parties. Accordingly, Plaintiffs bring this class action for legal and equitable remedies to redress and put a stop to Defendant's practices of intentionally disclosing

its digital subscribers' Personal Viewing Information to Facebook, Google, Adobe, or

any other third parties in knowing violation of VPPA.

## VENUE AND JURISDICTION

10. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 over the claims

    that arise under the Video Privacy Protection Act, 18 U.S.C. § 2710.

11. Venue is appropriate in this District pursuant to 28 U.S.C. § 1391 because Defendant

    does business in and is subject to personal jurisdiction in this District. Venue is also

    proper because a substantial part of the events or omissions giving rise to the claim

    occurred in or emanated from this District.

## PARTIES

12. Plaintiff, Deangelo Johnson, is an adult citizen of the State of Virginia and is

    domiciled in the State of Virginia. Plaintiff began his digital subscription to

    Crunchyroll in 2021 and maintains the subscription, intermittently, to this day.

    Plaintiff has held a Facebook account from approximately 2012-2013 to the present

    day. During the relevant time period he has used his digital subscription to view

    Video Media through the Crunchyroll website, the mobile phone application, and the

    television application while logged into his Facebook account. By doing so,

    Johnson's Personal Viewing Information was disclosed to third parties pursuant to the

systematic process described herein. Plaintiff never gave Defendant express written consent to disclose his Personal Viewing Information.

13. Defendant Sony Pictures Entertainment Inc.:

    **A.** Is a publicly traded multinational conglomerate headquartered in Tokyo, Japan.

    **B.** Sony Pictures Entertainment Inc. acquired Crunchyroll for $1.175 billion in 2020.

    **C.** Crunchyroll website includes a Videos section which provides a broad selection of video content.

    **D.** Combined, Sony Pictures Entertainment Inc. and Crunchyroll are used by numerous U.S. digital media viewers.

    **E.** Through Crunchyroll website and app, Defendant delivers and, indeed, is in the business of delivering countless hours of video content to its digital subscribers.

## FACTUAL ALLEGATIONS

14. The VPPA generally prohibits the knowing disclosure of a customer's video rental or sale records without the informed, written consent of the customer in a form "distinct and separate from any form setting forth other legal or financial obligations." Under the statute, the Court may award actual damages (but not less than liquidated damages of $2,500.00 per person), punitive damages, equitable relief, and attorney's fees.

15. The VPPA was initially passed in 1988 for the explicit purpose of protecting the privacy of individuals' and their families' video rental, purchase and viewing data. Leading up to its enactment, members of the United States Senate warned that "every

day Americans are forced to provide businesses and others personal information without having any control over where that information goes." S. Rep. No. 100-599 at 7-8 (1988).

16. The importance of legislation like the VPPA in the modern era of data mining from online activities is more pronounced than ever before. During a recent Senate Judiciary Committee meeting, The Video Privacy Protection Act: Protecting Viewer Privacy in the 21st Century," Senator Leahy emphasized the point by stating: "While it is true that technology has changed over the years, we must stay faithful to our fundamental right to privacy and freedom. Today, social networking, video streaming, the "cloud," mobile apps and other new technologies have revolutionized the availability of Americans' information."

17. In this case, Defendant chose to deprive Plaintiffs and the Class members of that right by knowingly and systematically disclosing their Personal Viewing Information to unauthorized third parties without providing notice to anyone, as explained herein.

18. To register for Crunchyroll, users create a profile and account with Crunchyroll.

19. Crunchyroll users provide their personal information, including but not limited to their name, email address, and zip code.

20. Sony Pictures Entertainment Inc. operates Crunchyroll Streaming Products in the U.S. The Streaming Products are available on a broad range of devices, including mobile phones, smart televisions, gaming consoles, etc.

21. On information and belief, all digital subscribers provide Defendant with their IP address, which is a unique number assigned to all information technology connected devices, that informs Defendant as to subscribers' city, zip code and physical location.

22. Digital subscribers may provide to Defendant the identifier on the device and/or cookies stored on the device used to view video content on a Crunchyroll Streaming Product.

23. When opening an account, Defendant does not adequately disclose to its digital subscribers that it will share their Personal Viewing Information with third parties. Digital subscribers are also not asked to consent to such information sharing upon opening an account.

24. After becoming a digital subscriber, viewers have access to a variety of Crunchyroll Video Media on through the Crunchyroll Streaming Products.

25. Notably, once a digital subscriber signs in and watches Crunchyroll Video Media, the digital subscriber is not provided with any notification that their Personal Viewing Information his being shared. Similarly, Defendant also fails to obtain digital subscribers' written consent to collect their Personal Viewing Information "in a form distinct and separate from any form setting forth other legal or financial obligations of the consumer," as the VPPA requires.

26. The operative Privacy Policy for Crunchyroll states that it collects "Personal Data" from its users:

"We may collect the following categories of personally identifiable information ("Personal Data") you provide to us when using the Content:

Identification Data: Information that allows us to differentiate you from other individuals. This may include: name and surname, date of birth, gender, postal address, and password.

Contact Information: Information that allows us to keep in touch with you. This may include: email address and phone number.

Electronic Records: This information includes certain data from you or your device that are obtained when you access our Content.

User-Generated Content: We may also collect information that you provide to us through our Content, such as photographs, video images or other content that you may upload.

Usage Information: We and our third-party partners and service providers, such as Google Analytics and/or Adobe Analytics, may use a variety of technologies that collect and provide information about how the Content is accessed and used. Usage Information may consist of your internet browser type and version, operating system, service provider, the webpages and apps you viewed, the time you viewed them and for how long, game history and skill level, demographic information about you (such as your age, gender, language, location and interest areas, where available), your location, time zone, language, and what webpages you looked at before viewing the current page."

27. Crunchyroll discloses in its Privacy Policy that it automatically collects "the webpages and apps you viewed, the time you viewed them and for how long..."

28. Importantly, nowhere in Crunchyroll's Terms of Service or Privacy Policy is it disclosed that Defendant will share digital subscribers' private and protected Personal Viewing Information with third parties, including but not limited to Facebook, Google Analytics, and Adobe Analytics.

29. Websites and apps use Facebook, and other third parties, including but not limited to Google Analytics and Adobe Analytics' pixel(s) and SDK(s) (collectively :Tracking Code") to collect information about user's devices and activities and send that to third parties.

30. Tracking Code is an invisible tool that tracks consumers' actions on the Crunchyroll Streaming Products and shares information with unauthorized third parties.

31. Defendant installed Tracking Code on Crunchyroll Streaming Products, which enables the Streaming Product to disclose Plaintiff's Personal Viewing Information to third parties, because it benefits financially from advertising and information services that stem from use of the Tracking Code. When a Crunchyroll digital subscriber enters the website or other Streaming Product and watches Video Media on a Crunchyroll Streaming Product, the Streaming Product sends certain information about the viewer, including, but not limited to, their identity and the media content the digital subscriber watched, to unauthorized third parties. Specifically, Crunchyroll

sends the video content name, and most notably, the viewers' unique ID to third parties.

32. Third parties, such as Facebook, Google, and Adobe, use unique and persistent identifiers that are assigned to each user. With a user's Unique ID, any ordinary person can look up user's profiles.

33. Specifically for Facebook; when a Facebook user with one or more personally identifiable FID cookies on their browser views Video Media from a Crunchyroll Streaming Product, that product, through its computer code, causes the user's identity and viewed Video Media to be transmitted to Facebook by the user's Streaming Product of choice. This transmission is not the digital subscribers decision, but results from Defendant's purposeful use of its Facebook tracking pixels by incorporation those pixels and code into the Crunchyroll Streaming Product. Defendant could easily program the Streaming Product so that this information its not automatically transmitted to Facebook when a subscriber views Video Media. However, it is not Defendant's financial interest to do so because it benefits financially by providing this highly sought-after information.

34. Notably, while Facebook can easily identify any individual on its Facebook platform with only their unique FID, so too can any ordinary person who comes into possession of an FID. Facebook admits as much on its website. Indeed, ordinary persons who come into possession of the FID can connect to any Facebook profile. Simply put, with only an FID and the video content name and URL— all of which

Defendant knowingly and readily provides to Facebook without any consent from the digital subscribers— any ordinary person could learn the identity of the digital subscriber and the specific video or media content they requested on a Crunchyroll Streaming Product.

35. At all relevant times, Defendant knew that the Facebook pixel disclosed Personal Viewing Information to Facebook. This was evidenced from, among other things, the functionality of the pixel, including that it enabled Defendant show targeted advertising to its digital subscriber's based on the products those digital subscribers had previously viewed on a Streaming Product, including Video Media consumption, for which Defendant received financial renumeration.

36. Similarly, other third parties, including but not limited to Google Analytics and Adobe Analytics had similar functions to the Facebook FID described above.

37. Defendant maintains a vast digital database comprised of its digital subscribers' Personal Viewing Information, including the names and e-mail addresses of each digital subscriber and information reflecting the Video Media of its digital subscribers viewed.

38. Defendant is not sharing anonymized, non-personally identifiable data with third parties. To the contrary, the data it discloses is tied to unique identifiers that track specific users. Importantly, the recipients of the Personal Viewing Information— Facebook, Google, Adobe, etc.— receive the Personal Viewing Information as one data point. Defendant has thus monetized its database by disclosing its digital

subscribers' Personal Viewing Information to third parties in a manner allowing it to make a direct connection— without the consent of its digital subscribers and to the detriment of their legally protected privacy rights.

39. Critically, the Personal Viewing Information Defendant discloses to unauthorized third parties allows those third parties to build from scratch or cross-reference and add to the data it already has in their own detailed profiles for its own users, adding to its trove of personally identifiable data.

40. These factual allegations are corroborated by publicly available evidence. For instance, as shown in the screenshot below, a user visits Crunchyroll and clicks on a video titled "Dragon Ball Z: Episode 291 — Goku's Next Journey" and watches.



41.

42. As demonstrated below, once a user clicks on and watches the video, Crunchyroll sends the content name of the video the digital subscriber watched, the URL, and the digital subscriber's FID to Facebook.



43.   As a result of Defendant's data compelling and sharing practices, Defendant has

knowingly disclosed to Facebook, and other third parties, including but not limited to

Google Analytics and Adobe Analytics for its own personal profit the Personal

Viewing Information of Defendant's digital subscribers, together with additional

sensitive personal information.

44.   Defendant does not seek its digital subscribers' prior written consent to the disclosure

of their Personal Viewing Information (in writing or otherwise) and its customers

remain unaware that their Personal Viewing Information and other sensitive data is

being disclosed to unauthorized third parties.

45.   By disclosing its digital subscribers Personal Viewing Information to unauthorized

third parties — which undeniably reveals their identity and the specific video

materials they requested from Defendant's website - Defendant has intentionally and

knowingly violated the VPPA.

46. Tracking pixels are not necessary for Defendant to operate Crunchyroll's Streaming Products. They are deployed on Defendant's website for the sole purpose of enriching Defendant.

47. Even if an online content provider found it useful to integrate Tracking Code, Defendant is not required to disclose Personal Viewing Information to third parties. In any event, if Defendant wanted to do so, it must first comply with the strict requirements of VPPA, which it failed to do.

48. Plaintiff has been a digital subscriber of Crunchyroll from 2021 to the present. To become a subscriber, Plaintiff provided, among other information, his name, address, IP address (which informs Defendant as to the city and zip code he resides in as well as his physical location), and any cookies associated with his device. As part of his subscription, he receives e-mails and other communications from Crunchyroll.

49. Plaintiff has had a Facebook account since approximately 2012. From 2021 to the present, Plaintiff viewed Video Media via Crunchyroll Streaming Products.

50. Plaintiff never consented, agreed, authorized, or otherwise permitted Defendant to disclose his Personal Viewing Information to any third parties.

51. Because Plaintiff is entitled by law to privacy in his Personal Viewing Information, Defendant's disclosure of his Personal Viewing Information deprived Plaintiff of the full set of benefits to which he is entitled to. Plaintiff did not discover that Defendant disclosed his Personal Viewing Information to unauthorized third parties until 2023.

52.

# CLAIM FOR RELIEF

## Violation of the Video Privacy Protection Act ("VPPA"), 18 U.S.C § 2710

53. Plaintiff incorporate the preceding paragraphs by reference as if fully set forth herein.

54. The VPPA prohibits a "video tape service provider" from knowingly disclosing "personally-identifying information" concerning any consumer to a third-party without the "informed, written consent (including through and electronic means using the Internet) of the consumer." 18 U.S.C. § 2710.

55. As defined in 18 U.S.C. § 2710(a)(4), a "video tape service provider" is "any person engaged in the business, in or affecting interstate commerce, of rental, sale, or delivery of prerecorded video cassette tapes and those sales affect interstate or foreign commerce.

56. As defined in 18 U.S.C. §2710(a)(3), "personally-identifiable information" is defined to include "information which identifies a person as having requested or obtained specific video materials or services from a video tape service provider."

57. Defendant knowingly caused Personal Viewing Information concerning Plaintiff to be disclosed to unauthorized third parties. This information constitutes personally identifiable information under 18 U.S.C § 2710(a)(3) because it identified Plaintiff to Facebook and other third parties, including but not limited to Google Analytics and Adobe Analytics as an individual who viewed Crunchyroll Video Media, including the specific video materials requested from the website.

**58.** As defined in 18 U.S.C. § 2710(a)(1), a "consumer" means "any renter, purchaser, or subscriber of goods or services from a video tape service provider." As alleged in the preceding paragraphs, Plaintiff subscribed to a digital Crunchyroll plan that provides Video Media content on Crunchyroll Streaming Products. Plaintiffs are thus "consumers" under this definition.

**59.** As set forth in 18 U.S.C. § 2710(b)(2)(B), "informed, written consent" must be (1) in a form distinct and separate from any form setting forth other legal or financial obligations of the consumer; and (2) at the election of the consumer, is either given at the time the disclosure is sought or given in advance for a set period of time not to exceed two years or until consent is withdrawn by the consumer, whichever is sooner." Defendant failed to obtain informed, written consent under this definition.

**60.** In addition, the VPPA creates an opt-out right for consumers in 18 U.S.C. § 2710(2)(B)(iii). It requires video tape service providers to also "provide an opportunity for the consumer to withdraw on a case-by-case basis or to withdraw from ongoing disclosures, at the consumer's election." Defendant failed to provide an opportunity to opt out as required by the VPPA.

**61.** Defendant knew that these disclosures identified Plaintiff to third parties. Defendant also knew that Plaintiff's Personal Viewing Information was disclosed to third parties, because, inter alia, Defendant chose, programmed, and intended for those third parties to receive the video content name, and, most notably, the digital subscribers' specific ID.

62. By disclosing Plaintiff's Personal Viewing Information, Defendant violated Plaintiff's statutorily protected right to privacy in their video watching habits. *See* 18 U.S.C. § 2710(c).

63. As a result of the above violations, Defendant is liable to the Plaintiff for actual damages related to his loss of privacy in an amount to be determined at trial or alternatively for "liquidated damages not less than $2,500" Under the statute, Defendant is also liable for litigation costs,injuntive and declaratory relief, and punitive damages in an amount to be determined by a jury, but sufficient to prevent the same or similar conduct by the Defendant in the future.

## RELIEF REQUESTED

64. Accordingly, Plaintiff respectfully requests that this court:

65.

A. For an order declaring that Defendant's conduct as described herein violates the federal VPPA, 18 U.S.C. § 2710(c)(2)(D)

B. For Defendant to pay $5,000 as provided by the VPPA, 18 U.S.C. § 2710(c)(2)(A)

C. For punitive damages, as warranted, in an amount to be determined at trial, 18 U.S.C. § 2710(c)(2)(B)

D. For prejudgement interest on all amounts awarded

E. For an order of restitution and all other forms of equitable monetary relief

F. For injunctive relief as pleaded or as the Court may deem proper

**G.** Order awarding Plaintiff fees and expenses and costs of suit

<u>**JURY DEMAND**</u>

**66.** Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial

by jury on all issues so triable.

Dated:  April 5, 2024                                         Respectfully Submitted:

By: */s/ Deangelo Johnson*
Deangelo Johnson
2005 Binford ln
Richmond, VA 23223
804-306-3605
dcjinfinity@icloud.com